[Sec. No. 445. In Bank.—September 17, 1897.]

J. J. McKINNON, Respondent, v. CHARLES E. LEONARD, et al., composing Board of Trustees and ex officio Board of Election Commissioners of Sacramento, Appellants.

ELECTIONS—ACT OF MARCH 13, 1897.—The act of March 13, 1897, providing for general primary elections, does not apply to municipal elections to be held in the year 1897, for the reason that by its terms the machinery provided for the holding of such primary elections is not to be set in operation until January, 1898, when under section 5 the election commissioners are to select the names of those electors who are to act as officers of the primary election boards.

APPEAL from a judgment of the Superior Court of Sacramento County. Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

Robert T. & William H. Devlin, for Appellants.

L. T. Hatfield, for Respondent.

THE COURT.—Action in mandate to compel the trustees of the city of Sacramento, as the election commission of that city, to proceed under the provisions of an act of the legislature of March 13, 1897, providing for general primary elections, etc. (Stats. 1897, p. 115), to hold a primary election for the selection of delegates to conventions of the various political parties which shall select candidates for the municipal officers to be voted for at the ensuing city election. The mandate was awarded, and the trustees appeal.

The urgency of the case demands an immediate decision, and this prevents a detailed consideration of the questions presented. However, upon the principal proposition argued, one which is determinative of this appeal, we are of opinion that the act does not apply to municipal elections to be held in the current year, for the reason that by its terms the machinery provided for the holding of such primary elections is not to be set in operation until the month of January, 1898, when, under section 5, the election commissioners are to select the names of those electors who are to act as officers of the primary election boards. No other section of the act to which our attention has been directed makes different provision as to cities.

For the purposes of this case, therefore, no other question need be considered, and no other is determined.

The judgment is reversed, with directions to the trial court to enter judgment for the trustees.